**Sheila Kay QUINTIS; Stephen Edward Quintis, Plaintiffs–Appellants,**

v.

**The AEROSPACE CORPORATION, Defendant–Appellee.**

No. 00–55601.
D.C. No. CV–99–04035–MMM.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2001.[1].

Decided March 28, 2001.

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM[2]

Sheila Kay Quintis and Stephen Edward Quintis appeal pro se the district court's judgment imposing sanctions against them under Fed.R.Civ.P. 11. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a district court order imposing sanctions under Fed. R.Civ.P. 11. *See Sprewell v. Golden State Warriors,* 231 F.3d 520, 530 (9th Cir.2000).

We conclude that Aerospace complied with the safe harbor provision of Fed. R.Civ.P. 11. *See Barber v. Miller,* 146 F.3d 707, 710 (9th Cir.1998). Because the Quintises' tax refund arguments were frivolous, the district court did not abuse its discretion in imposing Fed.R.Civ.P. 11 sanctions. *See Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n,* 884 F.2d 504, 510 (9th Cir.1989). The Quintises' remaining contentions regarding mitigation of damages and extreme hardship are rejected.

AFFIRMED.

---

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.